**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ThermoLife International LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>Vital Pharmaceuticals Inc., a Florida corporation<br><br>Defendant. | No. CV-11-2469-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Defendant's Motion to Dismiss, or in the Alternative, to Stay Pending Patent Reexamination (Doc. 16), and Plaintiff's Motion to Amend Its Complaint (Doc. 20). For the reasons discussed below, Defendant's motion is granted in part and denied in part without prejudice. Plaintiff's motion is denied without prejudice.

**BACKGROUND**

Plaintiff ThermoLife International LLC owns U.S. Patent No. 7,777,074 (the "'074 Patent"). The '074 Patent issued on August 17, 2010, and covers certain amino acid compounds placed in dietary supplements used by athletes and others. Plaintiff's supplements are sold nationwide in vitamin and dietary supplement stores and on the

internet. Defendant Vital Pharmaceuticals Inc. d/b/a VPX also sells nutritional supplements. Plaintiff alleges that Defendant has copied products covered by the '074 Patent and is falsely advertising Plaintiff's patented compounds as its own and selling them to retailers. Defendant has allegedly been aware that its activities infringe the '074 Patent since at least September 2010, when Plaintiff's distributor informed Defendant of the '074 Patent, but continues to engage in the alleged infringement.

On December 17, 2010, a third party filed a request with the U.S. Patent & Trade Office ("PTO") for reexamination of the '074 Patent, which the PTO granted. The reexamination proceedings are still pending before the PTO.

On December 13, 2011, Plaintiff filed its Complaint in this action, bringing claims against Defendant for patent infringement, inducement of patent infringement, contributory patent infringement, and false advertising. Plaintiff seeks royalty and treble damages for its lost sales resulting from Defendant's alleged willful infringement. Plaintiff also seeks the disgorgement of all profits Defendant has made through its alleged infringement of Plaintiff's patent and seeks to enjoin Defendant from "falsely touting itself as the inventor or 'engineer' of the patented technology." (Doc. 1, ¶ 7).

On March 28, 2012, Defendant moved to dismiss Plaintiff's claims for 1) lack of subject matter jurisdiction and 2) failure to state a claim for which relief can be granted. (Doc. 16). Defendant alternatively moved to stay the proceedings pending the PTO's reexamination of the '074 Patent. (*Id.*). Plaintiff, meanwhile, has moved for leave to amend its Complaint to add claims related to its newly-issued U.S. Patent 8,178,572 (the " '572 Patent"). (Doc. 20). Because the Court will grant Defendant's motion to stay this

action pending the final outcome of the PTO's reexamination proceedings, Defendant's motion to dismiss and Plaintiff's motion to amend will be dismissed without prejudice.

**DISCUSSION**

"[C]ourts have inherent power to stay their proceedings pending the reexamination of a patent." *Medicis Pharm. Corp. v. Upsher-Smith Laboratories, Inc.*, 486 F. Supp. 2d 990, 993 (D. Ariz. 2007) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)). Indeed, "there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination . . . proceedings." *Id.* (internal citation and quotation marks omitted). "In determining whether to stay a case pending reexamination, a court must consider the following factors: (1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and whether a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Id.* at 993–94.

The Court first considers "whether a stay will simplify the issues in question and trial of the case." *Medicis Pharm.*, 486 F. Supp. 2d at 993. In reexamination proceedings currently before the PTO, a third party has challenged the validity of the '074 Patent. (Doc. 16-4 at 130). Not only is the validity of the '074 Patent central to the claims in Plaintiff's existing Complaint, but during the course of the reexamination Plaintiff proposed amendments to the Patent which may affect the Court's resolution of Plaintiff's claims. (Doc. 16-4, Ex. A at 1–14). Waiting to proceed with this case until the

- 3 -

completion[1] of the reexamination process will ensure that the proper scope is attributed to the '074 Patent, allow for the proper framing of discovery, and otherwise simplify the issues facing the Court. Plaintiff argues that the stay is unnecessary because the patented compounds at issue "will certainly survive the reexamination process." (Doc. 18 at 10). Given Plaintiff's proposed amendments to the '074 Patent, however, until the PTO issues a final determination there remains at least some uncertainty regarding the ultimate scope and/or validity of the Patent.[2] This factor weighs in favor of granting Defendant's stay request.

The Court next considers "whether discovery is complete and whether a trial date has been set." *Medicis Pharm.*, 486 F. Supp. 2d at 993. This action is still in its early states, and there has been no Rule 26(f) conference, entry of a scheduling order, or discovery. Accordingly, as conceded by Plaintiff, this element also weighs in favor of granting Defendant's stay request. (Doc. 18 at 10 n. 2). *See also Medicis Pharm.*, 486 F. Supp. 2d at 994 ("The fact that this case is still in the early stages and the parties have not yet conducted 'significant discovery' or invested 'substantial expense' into the litigation weighs in favor of granting a stay.") (citing *Target Therapeutics, Inc. v. SciMed Life Sys.,*

---

[1] Plaintiff also states in its August 7 filing that that the PTO's latest correspondence "confirmed that the relevant claims of the '074 Patent are patentable." (Doc. 26 at 2). The correspondence cited to by Plaintiff, however, is entitled "Non-Final Detailed Action," (Doc. 26-1 at 3), and Plaintiff acknowledges the reexamination proceedings have not yet concluded.

[2] "Claims amended during reexamination are entitled to the date of the original patent if they are without substantive change or are legally 'identical' to the claims in the original patent." *Tennant Co. v. Hako Minuteman, Inc.*, 878 F.2d 1413, 1417 (Fed. Cir. 1989). Here, however, Plaintiffs proposed amendments are arguably material. (*See* Doc. 16-4, Ex. A at 1–14). The reexamination proceedings will likely clarify the scope of these amendments and help the Court resolve the question of materiality.

*Inc.*, 33 U.S.P.Q.2d 2022, 2023 (N.D. Cal. 1995)).

Lastly, the Court considers "whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Medicis Pharm.*, 486 F. Supp. 2d at 993–94. Plaintiff contends that "[g]ranting a stay will allow [Defendant] to continue its willful infringement for, potentially, years while [Plaintiff] awaits the results of its reexamination." (Doc. 18 at 12). To be sure, courts have sometimes held that a stay would result in undue prejudice where the parties are direct competitors, "a stay prevents [the patent holder] from vindicating [its] patent rights for an extended period of time," and "the patent holder could lose market share or drop out of the market entirely during that period." *See, e.g., ADA Solutions, Inc. v. Engineered Plastics, Inc.*, CIV. 10-11512-NMG, 2011 WL 4764329 at *2 (D. Mass. Oct. 7, 2011). In its most recent filing on August 7, 2012, however, Plaintiff stated that the reexamination proceeding "will conclude very shortly (within the next six months)." (Doc. 26 at 2). Moreover, given that a third party—not Defendant—filed the reexamination request, the PTO proceedings themselves are not an attempt by Defendant to delay Plaintiff's enforcement of its Patent. *See Medicis Pharm.*, 486 F. Supp. 2d at 994–95 (holding that there was no undue prejudice where the reexamination request was not filed with "dilatory motive or tactics").

In short, all three factors weigh in favor of granting Defendant's request for a stay. Given that the results of the reexamination proceeding may obviate the need to resolve issues in the Parties' other pending motions or assist the Court in resolving them, the Court will deny these outstanding motions without prejudice.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's Motion to Dismiss, or in the Alternative, to Stay Pending Patent Reexamination (Doc. 16) is **granted in part and denied in part** without prejudice.

2. Plaintiff's Motion to Amend Its Complaint (Doc. 20) is **DENIED** without prejudice.

3. This action is **STAYED** pending the completion of the PTO's reexamination proceedings. Plaintiff's counsel is directed to file a Status Report on or before **December 04, 2012**, and **every 90 days** thereafter until the stay is lifted.

4. Within five (5) days of receiving notice of the outcome of the reexamination proceedings, Plaintiff shall file and serve a notice of the outcome on this Court and Defendant.

Dated this 4th day of September, 2012.

_/s/ A. Murray Snow_
G. Murray Snow
United States District Judge